UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE P. GREENAWALT, | |
| Petitioner, | CIVIL ACTION NO. 1:23-cv-01058 |
| v. | (SAPORITO, J.) |
| JOSEPH TERRA, *et al.*, | |
| Respondents. | |

## MEMORANDUM

On June 26, 2023, this Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner, Lance P. Greenawalt, on June 21, 2023. (Doc. 1). Greenawalt is incarcerated at SCI Phoenix, located in Collegeville, Pennsylvania. Finding that Greenawalt's custody is no longer a result of the challenged conviction, the Court will dismiss the petition for lack of jurisdiction.

I. STATEMENT OF THE CASE

On February 3, 2010, Greenawalt was tried and convicted in the Adams County Court of Common Pleas on charges of burglary, criminal

trespass, and theft, stemming from an incident on January 8, 2009.[1] On April 22, 2010, Greenawalt was sentenced to four to ten years' imprisonment, with credit given for pretrial detention dating back to August 13, 2009. Through appointed counsel, Greenawalt appealed his conviction to the Pennsylvania Superior Court on September 23, 2010. The Superior Court affirmed on January 23, 2012, and Greenawalt did not petition to the Pennsylvania Supreme Court for allowance of appeal. *See* (Doc. 18-17 (*Commonwealth v. Greenwalt*, 1116 MDA 2017 (Pa. Super. Ct. Jan. 23, 2012) (unpublished))).

Greenawalt filed a Post-Conviction Relief Act ("PCRA") petition through appointed counsel on July 2, 2012. Following a hearing on December 28, 2012, the petition was denied on March 25, 2013. (Doc. 18-24). Greenawalt appealed, and his appointed counsel filed an *Anders*

---

[1] The prosecution's case at trial was recounted by the Adams County Court of Common Pleas in its opinion and order on Greenawalt's first PCRA petition. Briefly summarized: On January 8, 2009, the victim returned home to find Greenawalt, an acquaintance to whom he had previously loaned money, kneeling on the floor of their kitchen. Three days later, the victim found $1,000.00 missing from a box in the kitchen. Roughly six months later, the victim reported the missing money to the police, and Greenawalt was charged with burglary, criminal trespass, theft by unlawful taking, and receiving stolen property. (Doc. 18-24 (*Commonwealth v. Greenawalt*, No. 687 MDA 2013 (Pa. Super. Ct. May 6, 2014) (unpublished))).

brief in the Pennsylvania Superior Court. On May 6, 2014, after considering the *Anders* brief and a response filed by Greenawalt himself, the Superior Court permitted appointed counsel to withdraw and affirmed the denial of PCRA relief.

Greenawalt then filed a second PCRA petition on February 21, 2021, which he later amended to assert claims based on newly discovered evidence. The Court appointed counsel, who submitted a *Turner/Finley* letter indicating that he believed the amended petition was without merit. The court permitted counsel to withdraw and dismissed the second PCRA petition on May 2, 2021. Greenawalt appealed, but the dismissal was affirmed by the Superior Court on March 31, 2023. *Commonwealth v. Greenawalt*, 296 A.3d 658 (Pa. Super. Ct. 2023). Greenawalt did not petition the Supreme Court for allowance of appeal of either PCRA petition.

Greenwalt then filed this petition on June 26, 2023, asserting eight different grounds for relief: (1) that he was forced to choose "between incompetent counsel and proceeding *pro se*"; (2) that cumulative errors by the trial court violated his Sixth and Fourteenth Amendment rights; (3) that the Commonwealth fabricated physical evidence; (4) that the

trial court "arbitrarily remov[ed] his privately retained Appellate Counsel"; (5) that certain physical evidence was "falsified for the purpose of trial"; (6) that certain "falsified and exculpatory" evidence was wrongly retained under seal; (7) that PCRA counsel was ineffective for failing to introduce phone records, and (8) that PCRA counsel was ineffective for concealing or failing to address other exculpatory evidence.

## II. DISCUSSION

A federal court has jurisdiction to entertain a petition under Section 2254 only if the petitioner was "in custody pursuant to the judgment of a State court" when the petition was filed. *Piasecki v. Ct. of Common Pleas, Bucks Cnty., Pa.*, 917 F.3d 161, 165-66 (3d Cir. 2019) (quoting 28 U.S.C. § 2254(a)). The petitioner's ongoing incarceration or other "restraint on physical liberty" must be a "direct consequence of [the] conviction" being challenged. *Id.* (quoting *Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015)). A petitioner may not challenge a past conviction once he has completed that sentence, even if he remains imprisoned on a different conviction. *See Orie v. Sec'y Pennsylvania Dep't of Corr.*, 940 F.3d 845, 850 (3d Cir. 2019); *see also Maleng v. Cook*, 490 U.S. 488, 490-93 (1989)

(for purposes of habeas jurisdiction, custody is assessed for each conviction independently).

For the conviction he is challenging, Greenawalt was sentenced to four to ten years' incarceration, with credit awarded for incarceration dating back to August 23, 2009. There is no indication that this sentence was to be served consecutively to any other sentence. On the record presented, any restraint on physical liberty from the challenged conviction ended no later than 2019, more than three years before this petition was filed. *See Commonwealth v. Greenawalt*, 296 A.3d 658 (Pa. Super. Ct. 2023) (affirming denial of Greenwalt's second PCRA petition on the basis that it was untimely and Greenawalt "has completed his sentence"). A review of court records indicates that Greenawalt is currently incarcerated on convictions for burglary, attempted homicide, and solicitation of attempted homicide, for which he was sentenced in 2014. *See Commonwealth v. Greenawalt*, No. CP-21-CR-0000347-2011 (Cumberland County Court of Common Pleas).

Greenawalt does not directly address the jurisdictional issue, but states that he has "spent thirteen years in state prison for a crime that never existed." To the extent Greenwalt contests the fact that his

sentence for the challenged conviction has completed, this statement is not sufficient to establish federal habeas jurisdiction. *See Orie*, 940 F.3d at 850-51 (rejecting petitioner's argument that she was serving "one general sentence" for convictions based on related conduct).

### III. CONCLUSION

For these reasons, Greenawalt's petition will be dismissed. Because Greenawalt has not demonstrated "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability will issue. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


Dated: December 4, 2024         *s/Joseph F. Saporito, Jr.*
                                JOSEPH F. SAPORITO, JR.
                                United States District Judge